UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MICHIGAN DEPARTMENT OF ENVIRONMENT, GREAT LAKES, AND ENERGY and ATTORNEY GENERAL DANA NESSEL, on behalf of the People of the State of Michigan<br><br>Plaintiffs,<br><br>v.<br><br>GERALD R. FORD INTERNATIONAL AIRPORT AUTHORITY,<br><br>Defendant. | Case No.<br><br>Hon.<br><br><br><br><br>**DEFENDANT'S NOTICE OF REMOVAL UNDER 28 U.S.C. § 1442(a)(1)**<br>Complaint Filed: September 8, 2023<br>17th Circuit Court for Kent County<br>Case No. 23-08850-CE |

| | |
|---|---|
| Margaret A. Bettenhausen (P75046)<br>Keith D. Underkoffler (P84854)<br>Assistant Attorneys General<br>Michigan Department of Attorney General<br>Environment, Natural Resources, and Agriculture Division<br>P.O. Box 30755<br>Lansing, MI 48909<br>(517) 335-7664<br>bettenhausenm@michigan.gov<br>underkofflerk@michigan.gov<br>*Attorneys for Plaintiffs* | Charles M. Denton (P33269)<br>Sydney O. Imes (P86532)<br>BARNES & THORNBURG LLP<br>171 Monroe Ave NW, Ste. 1000<br>Grand Rapids, Michigan 495503<br>(616) 742-3974<br>cdenton@btlaw.com<br>Sydney.Imes@btlaw.com<br>*Attorneys for Defendant* |

## NOTICE OF REMOVAL

Defendant Gerald Ford International Airport Authority ("GFIAA"), by its undersigned counsel, hereby provides notice pursuant to 28 U.S.C. § 1442(a)(1) of the removal of the case pending in the 17th Circuit Court for Kent County, State of Michigan (Case No. 23-08850-CE), to

the United States District Court for the Western District of Michigan, pursuant to 28 U.S.C. § 1442(a)(1). As grounds for removal, GFIAA alleges as follows based on the underlying Complaint, on personal knowledge as to its own conduct, and on information and belief as to all other matters:

## THE STATE COURT ACTION

1. Plaintiffs, Michigan Department of Environment, Great Lakes, and Energy, and Attorney General Dana Nessel, on behalf of the People of the State of Michigan (collectively, "Plaintiffs") commenced a civil action in the 17th Circuit Court for Kent County, Michigan, by filing a Complaint on or about September 8, 2023 titled *Michigan Department of Environment, Great Lakes, and Energy, and Attorney General Dana Nessel, on behalf of the People of the State of Michigan, v. Gerald Ford International Airport Authority*, Case No. 23-08850-CE. On September 12, 2023, GFIAA accepted service of Plaintiffs' Complaint. A copy of all processes, pleadings, and orders served upon GFIAA in this action are attached as Exhibit A.

## TIMELINESS

2. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because it is filed within 30 days of September 12, 2023, the date on which GFIAA was served with a copy of the Complaint and within one year of the commencement of this action. Accordingly, this Notice of Removal is timely filed under § 1446(b).

## NATURE OF THE CLAIMS

3. Plaintiffs allege that GFIAA released and discharged per- and polyfluoroalkyl substances (collectively "PFAS") into the environment through the use of aqueous film-forming foams ("AFFF"). Specifically, Plaintiffs assert claims of liability under Part 201 and Part 31 of the Natural Resources and Environmental Protection Act ("NREPA"). GFIAA denies liability for Plaintiffs' claims.

## THE VENUE REQUIREMENT IS MET

4. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5. Venue of this removed action is proper in this District under 28 U.S.C. § 1442(a) because this Western District of Michigan encompasses the 17th Circuit Court for Kent County, Michigan, where the Complaint was originally filed.

## FEDERAL JURISDICTION EXISTS UNDER THE FEDERAL OFFICER REMOVAL STATUE, 28 U.S.C. § 1442(a)(1)

6. Removal is proper here under the federal officer removal statute. *See* 28 U.S.C. § 1442(a)(1). To establish subject matter jurisdiction under 28 U.S.C. § 1442(a)(1), a defendant must satisfy a three-pronged test: (1) defendant must be a "person" within the meaning of the statute; (2) the plaintiff's claims are for or related to acts taken by the defendant "acting under" the color of a federal officer; and (3) defendant must raise a colorable federal defense. *Bennett v. MIS Corp.*, 607 F.3d 1076, 1085 (6th Cir. 2010).

### A. Removal Under 28 U.S.C. § 1442(a)(1) Is Liberally Construed

7. Removal rights under § 1442(a)(1) are much broader than the general removal statute found under § 1441. Suits against defendants acting on behalf of federal officers "may be removed despite the nonfederal cast of the complaint; the federal-question element is met if the defense depends on federal law." *Jefferson Cty. v. Acker*, 527 U.S. 423, 431 (1999). This is because § 1442 protects "the government's need to provide a federal forum for its officers and those who are 'acting under' a federal office." *Albrecht v. A.O. Smith Water Prods.*, 2011 WL 5109532, at *3 (S.D.N.Y. Oct. 21, 2011) (citation omitted). There should not be a "narrow, grudging

3

interpretation of 1442(a)(1)." *Willingham v. Morgan*, 395 U.S. 402, 407 (1969). Indeed, the statute should be "liberally construe[d]" in favor of removal. *Caver v. Cent. Alabama Elec. Coop.*, 845 F.3d 1135, 1142 (11th Cir. 2017) (citing *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 147 (2007)).

8. Numerous similar cases involving alleged PFAS contamination stemming from the use of AFFF at airports have previously been removed to federal court (if not filed there originally), and transferred as part of multi-district litigation ("MDL") to the United States District Court for the District of South Carolina. [1] *In re Aqueous Film-Forming Foams Prod. Liab. Litig.*, 357 F. Supp. 3d 1391 (U.S. Jud. Pan. Mult. Lit. 2018); *see also, e.g.,* Complaint & Notice of Removal, *Sanford Airport Authority v. 3M Company et al.*, No. 2:20-cv-00213-RMG (D.S.C. Dec. 12, 2019), ECF No. 1; Notice of Removal, *Nantucket Memorial Airport Commission v. The 3M Company et al.*, No. 2:21-cv-03893-RMG (D.S.C. Nov. 8, 2021), ECF No. 1; Notice of Removal, *County of Chemung-Elmira Corning Regional Airport v. The 3M Company et al*, No. 2:22-cv-01790-RMG (D.S.C. May 19, 2022), ECF No. 1.

**B. GFIAA is a "Person" Within the Meaning of 28 U.S.C. § 1442(a)(1)**

9. The first prong of the test requires that GFIAA show it is a "person" within the meaning of the statute. *Bennett,* 607 F.3d at 1085. For purposes of § 1442(a)(1), the term "person" includes "companies, associations, firms, [and] partnerships…" *Papp f. Fore-Kast Sales Co.*, 842 F.3d 805, 812 (3d Cir. 2016); *see also Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 135-136 (2d Cir. 2008)(holding that a non-natural entity is a "person" for purposes of § 1442(a)(1)). GFIAA is an airport authority created by state law, which is considered a "person." *See, e.g. Bennett v. MIS Corp.,* 607 F.3d 1076, 1085 (6th Cir. 2010)(noting that non-natural entities, such as corporations,

---

[1] Similarly, GFIAA anticipates a Conditional Transfer Order for transferring this matter to the AFFF MDL.

qualify as "persons" under the statute); *see also Badilla v. Midwest Air Traffic Control Serv., Inc.*, 8 F.4th 105 (2d Cir. 2021)(noting that Midwest Air Traffic Control Service, Inc. is a "person" for 1442(a)(1) purposes). As such, GFIAA has satisfied the first part of the test necessary to remove the case under 28 U.S.C. § 1442(a)(1).

**C. GFIAA Performed the Complained-Of Actions Under Color of Federal Office**

10. To satisfy the next part of the test, the party must demonstrate that it performed the actions for which it is being sued under color of federal office. *Bennett,* 607 F.3d at 1085. The language of this section should be interpreted broadly, and "the statute as a whole must be liberally construed." *Isaacson*, 517 F.3d at 137.

11. Essentially, to satisfy this prong, the "removing party must show it is being sued because of the acts it performed at the direction of the federal officer." *Id.* at 1088; *Watson v. Philip Morris Co., Inc.*, 551 U.S. 142, 153-154 (2007).

12. GFIAA is an airport that operates under 14 CFR Part 139 ("Part 139") and as such it has responsibilities and mandatory obligations to the federal government. As a Part 139 certified public use airport, GFIAA was obligated to train with AFFF, calibrate and test its AFFF firefighting equipment (equipment testing), respond to aircraft emergencies with AFFF, and follow the Federal Aviation Administration's (FAA) regulatory mandates to use AFFF that meets the Federal military specifications (MIL-SPEC) that must include PFAS (*see* 14 CFR § 139.317), and GFIAA has met these regulatory mandates since the early 1970s.

13. Additionally, a defendant's actions taken under color of federal office must have a causal nexus with the plaintiff's injuries in the lawsuit, though again this is a low hurdle. *Isaacson*, 517 F.3d at 137.

14. The Complaint alleges three activities by GFIAA that allegedly caused the PFAS environmental contamination at issue: training with AFFF, equipment testing with AFFF, and emergency response to fires with AFFF. Complaint ¶ 18-21. AFFF containing PFAS was utilized at GFIAA to perform these activities because the FAA mandated that GFIAA take such actions. AFFF use and testing required by FAA forms the basis of Plaintiffs' allegations of PFAS contamination in the lawsuit.

**D. GFIAA Has Raised a Colorable Federal Government Contractor Defense**

15. To satisfy the third and final prong of the test, the party must show it has raised a colorable federal defense. *Bennett*, 607 F.3d at 1085. One such colorable federal defense applicable here is the government contractor defense. *Id*. at 1089-1090.

16. The government contractor defense requires that: "(1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of equipment that were known to the supplier but not to the United States." *Boyle v. United Techs. Corp.*, 487 U.S. 500, 512 (1988).

17. Addressing the first prong, GFIAA's activities are governed by the FAA, with Michigan law repeatedly requiring compliance with federal standards. *See* Mich Admin Code R 259.245; MCL § 259.116; MCL § 259.143. The Michigan Aeronautics Code requires airports to have an FAA operating certificate to receive an air carrier license in Michigan. *See* Mich Admin Code R 259.245.

18. To obtain an FAA operating certificate, required by the Michigan Aeronautics Code, airport operators must employ aircraft rescue and firefighting equipment containing AFFF. *See* 14 CFR § 139.317. The AFFF must meet the federal standards defined in MIL-SPEC document Mil-F-24385F. *See* FAA Advisory Circular 150/5210-6D, Chapter 6. MIL-SPEC specifications

required the use of AFFF with PFAS, and the current iteration requires the AFFF achieve standards that can only be met with AFFF containing PFAS.[2] Essentially, the Michigan Aeronautics Code regulates GFIAA (and all other Part 139 airports in the State) and that state law requires compliance with the FAA's AFFF containing PFAS mandates.

19. Not only was AFFF with PFAS required by FAA for GFIAA to obtain its operating certificate, but AFFF with PFAS was also required by FAA to be utilized in the firefighting trainings, equipment testing, FAA inspections, and in response to emergencies at GFIAA – precisely the activities complained of in the Plaintiffs' Complaint.

20. Notably, regarding the third step, a "defendant is not required to warn 'the government where the government knew as much or more than the defendant contractor about the hazards of the product.'" *Albrecht v. A.O. Smith Water Prods*., No. 11 Civ. 5990(BSJ), 2011 WL 5109532, at *5 (S.D.N.Y. Oct. 21, 2011)(citation omitted). The government here was already sufficiently informed regarding any product-related dangers of AFFF. *Boyle*, 487 U.S. at 512. Indeed as early as October 1980, a report supported by the U.S. Navy Civil Engineering Laboratory, U.S. Air Force Engineering Service Center, and the U.S. Army Medical Research and Development Command stated that AFFF contained fluorocarbons and that "[a]ll of the constituents resulting from firefighting exercises are considered to have adverse effects environmentally."[3] In 2011, officials at the DoD's program for emerging chemicals of environmental concern issued a non-binding risk alert regarding PFAS-containing AFFF.[4] More

---

[2] After "years of research and testing," the Department of Defense ("DoD") has thus far approved only one fluorine free foam product that satisfies the current MIL-SPEC, and FAA approved that product for use at Part 139 airports on September 13, 2023 (after the filing of this lawsuit). See FAA Part 139 CertAlert No. 23-07 (September 13, 2023), https://www.faa.gov/sites/faa.gov/files/part_139_cert_alert_23_07_F3_Release.pdf

[3] *See* Edward S. K. Chian et al., *Membrane Treatment of Aqueous Film Forming Foam (AFFF) Wastes for Recovery of its Active Ingredients* 1 (Oct. 1980), https://apps.dtic.mil/dtic/tr/fulltext/u2/a136612.pdf

[4] *See Evaluation of [DoD's] Actions to Control Contaminant Effects from Perfluoroalkyl and Polyfluoroalkyl Substances at [DoD] Installations* (July 23, 2021), https://www.dodig.mil/reports.html/article/2705951/evaluation-

recently, in a 2017 report to Congress, the DoD acknowledged that AFFF containing PFAS was concerning but that it was a "mission critical product [that] saves lives and protects assets by quickly extinguishing petroleum-based fires."[5] None of these facts were shared with GFIAA and they show that the federal government knew the hazards of AFFF already, or at least knew more than GFIAA, and regardless required airports including GFIAA to continue to use this AFFF containing PFAS pursuant to the federal MIL-SPEC. *See Albrecht,* 2011 WL 5109532, at *5.

21. Here, GFIAA has shown a colorable federal government contractor defense, because GFIAA: (1) was provided the specifications for the required AFFF with PFAS by the federal government and was required to use that AFFF under 14 CFR § 139.317; (2) used AFFF in the trainings, equipment testing, and emergency response actions at the airport which conformed to those federal specifications and therefore contained PFAS; and (3) the federal government was already informed about the AFFF product-related PFAS dangers. *See Boyle*, 487 U.S. at 512.

## CONCLUSION

22. All of the requirements of 28 U.S.C. § 1442(a)(1) are satisfied, and accordingly this action is removable to this Court.

23. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being submitted for filing to the Clerk of the 17th Circuit Court for Kent County, State of Michigan, and is being served upon Plaintiffs.

---

of-the-department-of-defenses-actions-to-control-contaminant-effects/#:~:text=EC%20Program%20officials%20issued%20a%20risk%20alert%20in,by%20the%20Emerging%20Chemicals%20of%20Concern%20Governance%20Council.
[5] Dep't of Defense, *Aqueous Film Forming Foam Report to Congress* 1-2 (Oct. 2017)(pub. Nov. 3, 2017), https://tinyurl.com/wshcww4.

24. If this Court has any questions regarding the propriety of this Notice of Removal, GFIAA respectfully requests that it issue an Order to Show Cause, so that GFIAA may have an opportunity to address such questions.

WHEREFORE, Defendant GFIAA, pursuant to 28 U.S.C. § 1442(a)(1) and in compliance with the requirements set forth in 28 U.S.C. § 1446, respectfully requests that this matter be removed to the United States District Court for the Western District of Michigan, Southern Division, and requests this Court assume full jurisdiction over this action as provided by law, together with such further and other relief as may be just under the circumstances.

Respectfully submitted,

BARNES & THORNBURG LLP

By: */s/ Charles M. Denton*
Charles M. Denton (P33269)
Sydney O. Imes (P86532)
BARNES & THORNBURG LLP
171 Monroe Ave NW, Ste. 1000
Grand Rapids, Michigan 495503
(616) 742-3974
cdenton@btlaw.com
Sydney.Imes@btlaw.com
*Attorneys for Defendant*

Dated: October 9, 2023