UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN DEPARTMENT OF
ENVIRONMENT, GREAT LAKES, AND
ENERGY, et al.,

    Plaintiffs,

v.

GERALD R. FORD INTERNATIONAL
AIRPORT AUTHORITY,

    Defendant.
_____/

Case No. 1:23-cv-1068

HON. JANE M. BECKERING

**OPINION AND ORDER**

Now pending before the Court in this removed case is Plaintiffs' Motion to Remand (ECF No. 6). The motion does not require the Court to decide the merits of Plaintiffs' state-law claims, only whether the state-law claims were properly removed to federal court. For the reasons that follow, the Court grants Plaintiffs' motion to remand this matter back to state court, although the Court denies Plaintiffs' request therein for their attorney fees and costs.

**I. BACKGROUND**

Plaintiffs initiated this action on or about September 8, 2023 in the 17th Circuit Court for Kent County, Michigan, on behalf of the People of the State of Michigan against Defendant Gerald R. Ford International Airport Authority ("GFIAA") (Compl. [ECF No. 1-1 at PageID.13]). The complaint alleges two violations of Michigan's Natural Resources and Environmental Protection Act, Michigan Compiled Laws § 324.101 *et seq.* ("NREPA") (*id.* ¶¶ 1–4). In Count I, under Part 201 of NREPA, Plaintiffs seek permanent injunctive relief, civil fines, and declaratory relief based

on Defendant's release or threat of release of hazardous substances, specifically per- and polyfluroalkyl substances (collectively "PFAS" substances), at levels that exceed applicable Michigan cleanup criteria (*id.* ¶¶ 60–74). *See* MICH. COMP. LAWS § 324.20102. In Count II, Plaintiffs seek injunctive relief, civil fines, and attorney fees and costs based on Defendant's discharging of effluents into a river at levels that exceed the maximum limits in Defendant's National Pollutant Discharge Elimination Systems ("NPDES") Permit (Compl. ¶¶ 75–84) in violation of Part 31 of NREPA. *See* MICH. COMP. LAWS § 324.3115.

On October 9, 2023, Defendant filed a Notice of Removal (ECF No. 1), alleging that removal to this Court is proper under 28 U.S.C. § 1442(a)(1) (providing that a civil action may be removed if it is against an "officer"—or any person acting under that officer—of the United States for any act "under color of such office"). On October 16, 2023, Defendant filed a Notice of Potential Tag-Along Action before the Judicial Panel on Multidistrict Litigation (J.P.M.L.), seeking to transfer this case into the multidistrict litigation concerning MilSpec Aqueous Film-Forming Foams ("AFFF") currently pending in the United States District Court for the District of South Carolina. *See In re: Aqueous Film-Forming Foams (AFFF) Products Liab. Litig.,* MDL No. 2873 (J.P.M.L. Oct. 16, 2023). The JPML issued a conditional transfer order on October 18, 2023, which Plaintiffs opposed.

On November 6, 2023, Plaintiffs filed this Motion to Remand (ECF No. 6), along with a request for expedited consideration in advance of the JPML's resolution of the motion to transfer. Plaintiffs filed a brief in support of their motion (ECF No. 7). The Court granted Plaintiffs' request and issued an expedited briefing schedule (ECF No. 9). On November 20, 2023, Defendant filed a response in opposition to the motion (ECF No. 10). On November 27, 2023, Plaintiffs filed a

reply (ECF No. 12). Having considered the parties' submissions, the Court concludes that oral argument is unnecessary to resolve the issues presented. *See* W.D. Mich. LCivR 7.2(d).

## II. ANALYSIS

### A. Motion Standard

Federal courts are courts of limited jurisdiction. "Unlike state trial courts, they do not have general jurisdiction to review questions of federal and state law, but only the authority to decide cases that the Constitution and Congress have empowered them to resolve." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). "When a party opts to file a complaint in state court, the federal courts must honor that choice unless Congress has authorized removal of the case." *Id.* (citing *Rivet v. Regions Bank of La.,* 522 U.S. 470, 474 (1998)). *See also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941) (instructing that "due regard" must be given to the "power reserved to the states under the Constitution to provide for the determination of controversies in their courts").

Removal of cases from state to federal court is authorized by 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States . . . . where such action is pending." Absent diversity of citizenship or the applicability of 28 U.S.C. § 1441(b) or other express grounds for removal, federal-question jurisdiction is required. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Skaggs,* 549 F.3d at 474 (citing *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007)).

"The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). This Court has treated the pending motion to remand as a facial attack on the Court's jurisdiction,

looking to the pleadings—the Complaint, the Notice of Removal, and the appropriate exhibits—for the relevant facts. *See generally Mays v. City of Flint, Mich.*, 871 F.3d 437, 442 (6th Cir. 2017) (describing facial jurisdictional attacks).

## B. Discussion

### 1. Federal Officer Removal

As the basis for removal, Defendant relies on 28 U.S.C. § 1442(a)(1), which provides that a state civil action can be removed to federal court if the defendant is "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity…." (Notice of Removal, ECF No. 1 ¶ 6). In enacting this statute, Congress aimed to shield federal officers from prejudicial rulings made by state courts and the juries comprising state courts. *See Watson v. Philip Morris Cos.*, 551 U.S. 142 (2007).

Although earlier cases advise that "[t]he federal officer removal statute is not narrow or limited," *see, e.g.*, *Willingham v. Morgan*, 395 U.S. 402, 406 (1969) (internal quotation marks omitted), the Sixth Circuit has clarified that the "broad interpretations" of the removal statute trace "to earlier versions of § 1442 that granted the removal power only to individuals enforcing federal customs and revenue laws." *Ohio State Chiropractic Ass'n v. Humana Health Plan Inc.*, 647 F. App'x 619, 622 (6th Cir. 2016). The Sixth Circuit has affirmed that "removal statutes are to be strictly construed, and 'all doubts should be resolved against removal.'" *Mays*, 871 F.3d at 442 (quoting *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007)).

Where, as here, "'the removing party is not a federal officer, we apply a three-part test to determine whether removal is proper.'" *Hudak v. Elmcroft of Sagamore Hills*, 58 F.4th 845, 858 (6th Cir. 2023) (quoting *Nappier v. Snyder*, 728 F. App'x 571, 574 (6th Cir. 2018)). "The

4

removing party must demonstrate that: (1) it is a 'person' within the meaning of the statute who 'acted under a federal officer'; (2) 'it performed the actions for which it is being sued under color of federal office'; and (3) 'it raised a colorable federal defense.'" *Nappier*, 728 F. App'x at 574 (quoting *Bennett v. MIS Corp.*, 607 F.3d 1076, 1085 (6th Cir. 2010)). The Court addresses each of these requirements.

### a. Colorable Federal Defense

The Court begins with the colorable federal defense element of federal officer removal. Plaintiffs argue that Defendant's government contractor defense is not colorable because Defendant is not a government contractor (ECF No. 7 at PageID.74).

In response, Defendant argues that "a motion to remand is not the proper place or time" for a determination of the federal defense's validity (ECF No. 10 at PageID.95). Defendant further argues that even if the Court considers Plaintiffs' argument challenging the use of the government contractor defense at the pleading stage, Defendant has a colorable government contractor defense based on the inextricable intertwining of FAA's prescriptions with the airport operations at issue (*id.* at PageID.96).

Defendant bases its argument that it was immune from liability under the government contractor defense on *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988). In *Boyle,* the Supreme Court held that the "uniquely federal interest[ ]" of "getting the Government's work done" requires that, under certain circumstances, a private contractor must be protected from tort liability associated with its performance of a government procurement contract." *Bennett*, 607 F.3d at 1088–89. The government contractor defense requires that: "(1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known

to the supplier but not to the United States." *Boyle*, 487 U.S. at 512. The Sixth Circuit has stated that a colorable federal defense need only be plausible, and that a district court is not required to determine its validity at the time of removal. *Bennett*, 607 F.3d at 1089; *see also Nessel v. Chemguard, Inc.*, No. 1:20-CV-1080, 2021 WL 744683, at *4 (W.D. Mich. Jan. 6, 2021).

The Court finds that Defendant has met its burden of showing that the government contractor defense is plausible. Defendant has alleged that the government provided specifications for AFFF, Defendant's use of AFFF conformed to those specifications, and Defendant was not aware of dangers unknown to the government. "Whether or not these facts are true is not for the court to determine at this stage." *Nessel,* 2021 WL 744683, at *4. Therefore, Defendant has raised a colorable federal defense and satisfied the final prong of federal officer removal test.

### b. *Person Acting Under a Federal Officer*

Next, Plaintiffs argue that Defendant lacked a relationship where the federal government acted as its superior and that Defendant's compliance with federal law does not constitute "acting under" a federal officer (ECF No. 7 at PageID.70).

In response, Defendant argues that it acted under the direction of the Federal Aviation Administration ("FAA") in undertaking the activity allegedly causing a release of PFAS because the FAA was dictating how Defendant conducted training, equipment testing, and emergency response activities using AFFF (ECF No. 10 at PageID.93).

Defendant's argument lacks merit.

Section 1442 permits removal only if Defendant was "acting under" an "agency" or "officer" of "the United States." § 1442(a)(1). In *Watson*, 551 U.S. at 145, the U.S. Supreme Court held that "the fact that a federal regulatory agency direct[ed], supervise[d], and monitor[ed] a company's activities in considerable detail" was not enough to establish that Philip Morris was

"acting under" an officer of the federal government. The Sixth Circuit has observed that although *Watson* did not set forth a clear test for when the acting-under requirement is satisfied, the Supreme Court identified that "[t]he acting-under relationship 'typically involves subjection, guidance, or control.'" *Mays*, 871 F.3d at 444 (citing *id.*). Simply complying with a regulation is insufficient to show an acting-under relationship, even if the regulatory scheme is highly detailed and the defendant's activities are highly supervised and monitored. *Id.* (internal quotation marks omitted).

Defendant has not met its burden of establishing that it was "acting under" a federal officer within the meaning of § 1442(a)(1). Defendant has not shown that it was hired or enlisted by the federal government to perform a certain function by its handling of AFFF and has not shown that the FAA exercised control over its operations to such a degree that the federal government was its superior. Despite its argument that its operations would cease if it did not comply with FAA's prescriptive safety mandates (ECF No. 10 at PageID.93), Defendant has merely shown that it was complying with the law. *See Watson*, 551 U.S. at 152; *Hudak*, 58 F.4th at 859 (operating a facility that "came under significant federal regulation" did not amount to "acting under" a federal officer and was not enough for federal officer removal). Therefore, Defendant is not entitled to removal under § 1442(a)(1).

    c. *Performing Actions under Color of Federal Office*

Based on Defendant's insufficient showing on the "acting under" element, the case should be remanded to state court, and the analysis could end with the first element. However, the Court will examine the remaining factor.

Plaintiffs argue that the complained-of act—the release of contaminants into the soil and groundwater—was not performed under the color of federal office because even if Defendant "conducted its training, emergency responses, and equipment testing with AFFF at an FAA

7

officer's direction (and it did not), these are not the actions that Plaintiffs complain about" (ECF No. 7 at PageID.73). Plaintiffs elaborate that their Complaint does not focus on the regulated uses of AFFF, but on the "release and threatened release" of PFAS, i.e., GFIAA's improper disposal of AFFF after they were used (*id.*).

In response, Defendant argues that the distinction between the regulated use of AFF and its disposal is "illusory" and that "[b]ut for [Defendant] following strict FAA specifications related to the use of PFAS AFFF during training, equipment testing, and emergency response, no alleged release would have occurred" (ECF No. 10 at PageID.94).

Defendant's argument on this element of federal officer removal lacks merit.

The Sixth Circuit has observed that before 2011, a defendant invoking § 1442(a) had to demonstrate that the subject of the complaint was "for any act under color of office." *Ohio State Chiropractic Ass'n*, 647 F. App'x at 624. In other words, the defendant had to "show a nexus, a causal connection between the charged conduct and asserted official authority." *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999) (quotation marks omitted). The Removal Clarification Act of 2011, Pub. L. No. 112–51, § 2, 125 Stat. 545, added "or relating to" after "for" in § 1442(a), which now reads: "for or relating to any act under color of office." The addition was "intended to broaden the universe of acts that enable Federal officers to remove to Federal court." H.R. Rep. No. 112–17, pt. 1, at 6 (2011). "However, the more expansive language should not be read so broadly that it renders the 'acting under' requirement superfluous." *Ohio State Chiropractic Ass'n*, 647 F. App'x at 624–25.

The Court finds that Defendant has not met its burden to show the relation between the FAA's regulation of AFFF and Defendant's release of PFAS. Just as a "federal officer could not remove a trespass suit that occurred while he was taking out the garbage," *Ruppel v. CBS Corp.*,

8

701 F.3d 1176, 1181 (7th Cir. 2012), an airport acting under a federal officer could not remove a suit solely on the ground that but for the FAA's regulations, it would not have released PFAS into the environment. *See Ohio State Chiropractic Ass'n*, 647 F. App'x at 625. Defendant has not shown how the federal regulations mandated its release of PFAS in a way that establishes that it was acting under the color of federal office in doing so. Thus, the second element of federal officer removal requires the case to be remanded.

In sum, because Defendant did not show that it was acting under a federal officer or that that it performed the complained-of actions under color of federal office, this Court lacks jurisdiction over the subject-matter of the action.

### 2. Fees

Plaintiffs assert that Defendant lacked an objectively reasonable basis for seeking removal, and that unusual circumstances are present; therefore, Plaintiffs request that this Court's remand order include an award of their attorney fees under 28 U.S.C. § 1447(c) (ECF No. 7 at PageID.76–77).

In response, Defendant argues that it properly removed this case, but if the Court decides to remand the matter to state court, no attorney's fees or costs should be awarded (ECF No. 10 at PageID.98).

Plaintiffs' request is properly denied.

28 U.S.C. § 1447(c) provides in relevant part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." As a general rule, the award of fees is inappropriate if the removing party had "an objectively reasonable basis for seeking removal." *A Forever Recovery, Inc. v. Twp. of Pennfield*, 606 F. App'x 279, 280 (6th Cir. 2015) (quoting *Martin v. Franklin Capital Corp.*, 546

U.S. 132, 141 (2005)). "A defendant lacks an objectively reasonable basis for removal when well-settled case law makes it clear that federal courts lack jurisdiction to hear the case." *Id.* at 281. A district court retains discretion to award fees if it identifies an "unusual circumstance" that justifies departing from the objectively-reasonable-basis rule. *Id.* at 282 (quoting *Martin*, 546 U.S. at 141). In exercising this discretion, the district court should aim to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* (quoting *Martin*, 546 U.S. at 140).

Here, while the Court concludes that Defendant's decision to remove Plaintiffs' claims lacks merit, the Court declines to award Plaintiffs their costs and fees. As the Sixth Circuit has recognized, "it must be possible for defendants to develop relevant case law by removing cases in the absence of precedent." *Kent State Univ. Bd. of Trustees v. Lexington Ins. Co.*, 512 F. App'x 485, 491 (6th Cir. 2013) (citing *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066–67 (6th Cir. 2008) (affirming denial of fees where removal was sought under a "new statute whose meaning had not yet been fleshed out"); *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007) (same)). The Court does not find that Defendant's removal was so unreasonable as to justify the award of costs and fees.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (ECF No. 6) is GRANTED, and this case is REMANDED to the 17th Circuit Court for Kent County, Michigan.

**IT IS FURTHER ORDERED** that Plaintiffs' request for attorney fees is DENIED.

Because this Opinion and Order resolves all pending claims in this matter, a corresponding

Judgment will also enter.  *See* FED. R. CIV. P. 58.

Dated:  December 4, 2023                                                  /s/ Jane M. Beckering
                                                                              JANE M. BECKERING
                                                                              United States District Judge