UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN DEPARTMENT OF
ENVIRONMENT, GREAT LAKES, AND
ENERGY, et al.,

    Plaintiffs,

v.

GERALD R. FORD INTERNATIONAL
AIRPORT AUTHORITY,

    Defendant.
_____/

Case No. 1:23-cv-1068

HON. JANE M. BECKERING

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion for Reconsideration (ECF No. 18) of this Court's December 4, 2023 Opinion and Order and corresponding Judgment (ECF Nos. 13–14). Plaintiffs filed a response in opposition to Defendant's motion (ECF No. 23). For the reasons that follow, Defendant's motion is properly denied.

**I**

On or about September 8, 2023, Plaintiffs initiated this action in the 17th Circuit Court for Kent County, Michigan, alleging that Defendant violated Michigan's Natural Resources and Environmental Protection Act, Michigan Compiled Laws § 324.101 *et seq*. (ECF No. 1-1). On October 9, 2023, Defendant filed a Notice of Removal (ECF No. 1) pursuant to 28 U.S.C. § 1442(a)(1) (providing that a civil action may be removed if it is against an "officer"—or any person acting under that officer—of the United States for any act "under color of such office"). Plaintiffs filed a motion to remand the case to state court on November 6, 2023 (ECF No. 6). On

December 4, 2023, the Court granted Plaintiffs' motion and entered the at-issue Opinion and Order and corresponding Judgment (ECF Nos. 13–14).  Defendant filed the instant motion for reconsideration on December 18, 2023 (ECF No. 18).  Pursuant to this Court's Order (ECF No. 21), Plaintiffs filed a response in opposition to Defendant's motion on January 9, 2024 (ECF No. 23).  On January 11, 2024, Defendant filed a motion for leave to file a reply in support of its motion for reconsideration (ECF No. 24).

## II

This Court's local rules require a movant seeking reconsideration to "not only demonstrate a palpable defect by which the court and the parties have been misled, but also show that a different disposition of the case must result from a correction thereof."  W.D. Mich. LCivR 7.4(a).  The local rule further instructs that "motions for reconsideration that merely present the same issues ruled upon by the court shall not be granted."  *Id.*  The decision to grant or deny a motion for reconsideration is within the district court's discretion.  *See Evanston Ins. Co. v. Cogswell Props., LLC*, 683 F.3d 684, 691 (6th Cir. 2012) (motion for reconsideration).

In addition to Local Rule 7.4(a), Defendant's motion cites Federal Rule of Civil Procedure 60(b) as grounds for reconsideration (ECF No. 18 at PageID.161).  Rule 60(b) provides that in its discretion and "[o]n motion and just terms, the court may relieve a party … from a final judgment [or] order … for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief."

FED. R. CIV. P. 60(b).  Relief under Rule 60(b) is circumscribed by public policy favoring "finality" and the termination of litigation.  *Salem Pointe Cap., LLC v. BEP Rarity Bay, LLC*, 854 F. App'x 688, 703 (6th Cir. 2021).  For that reason, "the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence."  *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (citations omitted).

Although Defendant cites Rule 60(b) in its motion for reconsideration, it does not identify the enumerated grounds on which it is entitled to relief from the Judgment (*see* ECF No. 18 at PageID.161).  Defendant makes all of its arguments for reconsideration pursuant to the "palpable defect" standard of Local Rule 7.4(a).

## III

***Standard for Federal Officer Removal.***  First, in support of reconsideration, Defendant argues that the Court's remand "Order did not fully articulate the proper standard for determining whether the removing party 'acted under' a federal officer" (ECF No. 19 at PageID.182). Defendant argues that in *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 148 (2007), the Supreme Court affirmed a liberal construction of the "acting under" definition for federal officer removal (*id.*).  Plaintiffs argue in response that the Court correctly construed the words "acting under" and applied the federal officer removal standard exactly as the Supreme Court and Sixth Circuit have directed (ECF No. 23 at PageID.209–210).

In its Order remanding the case, the Court relied on *Watson* along with subsequent precedent from the Sixth Circuit clarifying that broad interpretations of federal officer removal trace to earlier versions of the federal officer removal statute (*see* ECF No. 13 at PageID.147).

3

Thus, Defendant has not identified a palpable defect in the Court's articulation of the standard for federal officer removal, and Defendant's motion on this basis is denied.

***"Acting Under" a Federal Officer.***  Next, Defendant argues that the Court erred in finding that Defendant was not acting under a federal officer because the Federal Aviation Administration ("FAA") was functioning as Defendant's superior, and Defendant was subject to the FAA's guidance and control (ECF No. 19 at PageID.183).  Plaintiffs argue in response that Defendant's "entire argument is that it was complying with the law" (ECF No. 23 at PageID.210).

Defendant attaches to its motion for reconsideration an affidavit by its employee detailing facts relating to the nature of the relationship between Defendant and the FAA (ECF No. 18-1 at PageID.166).  As a preliminary matter, Defendant's attempt to supplement the record with additional facts as provided in the affidavit is untimely.  The Sixth Circuit has held that a party may not introduce evidence for the first time in a motion for reconsideration where that evidence could have been presented earlier.  *Bank of Ann Arbor v. Everest Nat. Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014) (citing *CGH Transp., Inc. v. Quebecor World, Inc.*, 261 F. App'x 817, 824 (6th Cir. 2008)) ("It is hard to imagine how an affidavit from one of its own witnesses would have been previously unavailable to CGH, and CGH has not explained why it failed to introduce this evidence in opposition to summary judgment.").  Defendant has not provided any explanation as to why it failed to introduce evidence from its own employee earlier in opposition to Plaintiffs' motion to remand.

However, even assuming Defendant timely provided the facts within the affidavit, Defendant has failed to meet its burden to show by clear and convincing evidence that it is entitled to relief from the judgment under Rule 60(b) or that there was a palpable defect in the Court's finding that Defendant was not "acting under" a federal officer.  Although Defendant's allegations

in the affidavit and its brief tend to show that there was "considerable regulatory detail and supervision" between the FAA and Defendant, the facts in the affidavit merely indicate an amplified degree of regulation, not a change in the nature of the relationship from regulator/regulated to an "acting under" relationship. *See Watson*, 551 U.S. at 156–57.  The new facts do not demonstrate that the Court committed a palpable defect when it determined that Defendant had shown its compliance with the law, but that Defendant had failed to meet its burden to show that it was "acting under" a federal officer.

***Under Color of Federal Office.***  Last, Defendant argues that the Court's Order remanding the case suffers from a palpable defect because the actions forming the basis for Plaintiffs' Complaint were performed under color of federal office (*see* ECF No. 19 at PageID.185). Defendant contends that although Plaintiffs assert that the complained-of acts are the release of per- and polyfluroalkyl substances (collectively "PFAS" substances) onto the soil, the alleged actions that caused PFAS release "are inextricably tied to FAA's prescriptive safety mandates" (*id.* at PageID.185–86).  Plaintiffs argue in response that Defendant again misunderstands the complained-of acts, which are Defendant's improper chemical disposal, and that nothing in Defendant's motion or motion papers indicate that the FAA required airports to release PFAS into the soil or groundwater (ECF No. 23 at PageID.214).

Defendant's argument presents the same issues previously ruled upon by the Court, or is an attempt to relitigate previously considered issues, so its motion is properly denied. *See* Defendant's 11/20/23 Brief in Opposition to Plaintiffs' Motion to Remand, ECF No. 10 at PageID.94 ("Plaintiffs assert that the Court should separate the 'release' from the acts that caused the 'release.'"); *Miles v. Straub*, 90 F. App'x 456, 458 (6th Cir. 2004) ("A Rule 60(b) motion is properly denied where the movant attempts to use such a motion to relitigate the merits of a claim

5

and the allegations are unsubstantiated."). However, even if Defendant's arguments did not reiterate arguments prior, Defendant has not shown that the complained-of actions (the release of PFAS) were federally mandated, and thus Defendant has not met its burden to show a palpable defect in the Court's assessment of the 'under color of federal office' element. Moreover, had Defendant met its burden to show a defect on this element, that defect would not be palpable because the case would nonetheless be remanded on the "acting under" element alone. Therefore, Defendant could not "show that a different disposition of the case must result." W.D. Mich. LCivR 7.4(a).

In sum, Defendant has not met its burden to demonstrate any "palpable defect by which the court and the parties have been misled," and to "show that a different disposition of the case must result from a correction thereof." W.D. Mich. LCivR 7.4(a). Defendant has also failed to argue that any of the grounds for relief from final judgment pursuant to Rule 60(b) apply, let alone demonstrate as much by clear and convincing evidence. The Court, therefore, in its discretion, denies Defendant's motion.

Accordingly:

**IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration (ECF No. 18) is DENIED.

**IT IS FURTHER ORDERED**, pursuant to W.D. Mich. LCivR 7.1(c) and 7.3(c), that Defendant's Motion for Leave to File a Reply (ECF No. 24) is DENIED

Dated: January 18, 2024              /s/ Jane M. Beckering
                                      JANE M. BECKERING
                                      United States District Judge

6